IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WALKER                                                          PLAINTIFF

vs.                            Civil No. 4:16-cv-04065

NANCY BERRYHILL                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

John Walker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on March 12, 2013. (Tr. 32). Plaintiff alleged he was disabled due to mental problems and illiterate. (Tr. 263). Plaintiff alleged an onset date of September 27, 2012. (Tr. 32, 263). These applications were denied initially and again upon reconsideration. (Tr. 48-51, 58-59). Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

applications and this hearing request was granted. (Tr. 161).

Plaintiff's administrative hearing was held on March 19, 2015. (Tr. 49-84). Plaintiff was present and was represented by counsel, Russell Byrne, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-five (45) years old and had a tenth grade education. (Tr. 53-54).

On April 24, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 32-43). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2013. (Tr. 34, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 27, 2012, his alleged onset date. (Tr. 34, Finding 2).

The ALJ determined Plaintiff had the severe impairment of bipolar disorder, schizophrenia, antisocial personality traits, substance addiction disorder, and seizure disorder. (Tr. 34, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 35, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 37-41). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for medium work, however, he must avoid working in proximity to unprotected heights and dangerous moving machinery; cannot operate a motor vehicle; can understand, remember, and carry out only short, simple instructions; can perform only simple, routine, and repetitive tasks with no fast paced, high quota production work; can make only simple work-related decisions; can adapt to few,

if any, workplace changes; and can tolerate only occasional interaction with co-workers, supervisors, and the general public. (Tr. 37, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 41-43, Finding 6). The ALJ found Plaintiff was capable of performing his PRW as a hand packer. *Id.* The ALJ also determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 42). As a result, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 27, 2012 through the date of his decision. (Tr. 43, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 27-28). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On July 20, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 22, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11, 14. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the weight given the opinions of Plaintiff's physician, and (C) in failing to properly consider Plaintiff's subjective complaints. ECF No. 11, Pgs. 2-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included bipolar disorder, schizophrenia, antisocial personality traits, substance addiction disorder, and seizure disorder. (Tr. 34, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he specifically meets Listing 12.04 for Affective Disorders, 12.06 for

Anxiety-related Disorders, and 12.08 for Personality Disorder. ECF No. 11, Pg. 2-16. To be disabled under these Listings, the requirements of both subsection A and B of the Listings in question must be met. 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04, 12.06, 12.08. In this matter, the ALJ correctly determined Plaintiff did not meet the four elements of subsection B (the "B" criteria) of any listed mental impairment. (Tr. 36-37). The "B" criteria require at least two of the following:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04(B), 12.06(B), 12.08(B).

In this matter, the ALJ properly determined Plaintiff had moderate limitations to his daily activities, social functioning and ability to maintain concentration, persistence, and pace. (Tr. 36). Substantial evidence also supports the ALJ's finding that Plaintiff experienced one to two episodes of deterioration. (Tr. 36).

The ALJ also properly found Plaintiff failed to establish the presence of the "C" criteria of Listing 12.04. (Tr. 36-37). The "C" criteria under Listing 12.04 require the following:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(C).

The ALJ properly found there was no medical evidence in the record showing Plaintiff had repeated episodes of decompensation; a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. (Tr. 36).

On August 22, 2011, Plaintiff was seen by Dr. Tom R. Wright. (Tr. 331-338). Dr. Wright indicated Plaintiff reported he was not taking any psychotropic medications, but otherwise he was "unable or unwilling to provide information" regarding his history of mental health treatment. (Tr. 333). Plaintiff indicated he was able to perform his personal activities of daily living. *Id.*

Dr. Wright also noted Plaintiff was well groomed; his posture and movement were normal and free of symptoms of pain; and thought processes and content were normal, with no delusions, strangeness, confusion, or loose associations. (Tr. 334-335). Dr. Wright also indicated Plaintiff was not being forthright in the interview because his general attitude was artificial and appeared to be faking. (Tr. 334). Dr. Wright diagnosed Plaintiff as malingering and indicated exaggeration was unequivocally inferred. (Tr. 336).

On August 2, 2013, Plaintiff was evaluated by Dr. Stephen Swender. (Tr. 388-394). Dr. Swender described Plaintiff as superficial during the interview process, and appeared to be making up or exaggerating psychotic symptoms. (Tr. 390). Dr. Swender indicated Plaintiff appeared to be malingering psychotic symptoms and exaggerating intellectual impairment. (Tr. 392). Dr. Swender also indicated Plaintiff appeared to be exaggerating cognitive deficits and appeared to be malingering for secondary gain, but may actually have some limitations. (Tr. 393). Dr. Swender indicated he

7

was unable to assess several elements of Plaintiff's adaptive functioning based on malingering. (Tr. 392-393).

On March 14, 2013, Plaintiff was admitted to Levi Hospital Psychiatric Services. (Tr. 348-357). It was reported Plaintiff became suicidal after jailers released him from jail and discovered that his wife was divorcing him. (Tr. 348). Plaintiff stated he was not taking any medications, and had no history of inpatient treatment. *Id.* Plaintiff was discharged on March 28, 2013 being alert and fully oriented; normal speech; no evidence of psychomotor retardation or agitation; and having no thought of harming himself or others. (Tr. 350). Plaintiff was assessed with symptoms of schizoaffective disorder, antisocial personality traits, and was discharged with no restrictions on activities. (Tr. 350, 351).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013

(quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. Charles Vermont in assessing Plaintiff's RFC. ECF No. 11, Pgs. 16-20. However, Plaintiff's argument is without merit.

On January 28, 2015, Dr. Vermont completed a letter in which he indicated Plaintiff may have some physical dysfunction, but any physical impairment would be difficult to separate from his mental impairments. (Tr. 436). Dr. Vermont further indicated Plaintiff was probably not employable and was in all likelihood disabled, but he deferred any such consideration to others. *Id.* On March 30, 2016, Dr. Vermont had another letter with nearly the same conclusion he expressed in his earlier opinion. (Tr. 535).

The ALJ said he gave these opinions of Dr. Vermont no consideration. (Tr. 41). To begin with, the ALJ is responsible for determining a claimant's residual functional capacity based on all relevant evidence. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010). Additionally, Dr. Vermont, who is neither a psychologist or psychiatrist, understood he was offering opinions regarding Plaintiff's employability that were outside of his training and specialization and deferred any such consideration to others. (Tr. 436, 535).

The ALJ properly decided to give no weight to the restrictive limitations found by Dr. Vermont. The ALJ committed no error in his treatment of medical opinions from Plaintiff's physician.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 11, Pgs. 18-20.

In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 14.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 38-41). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) Conservative medical treatment, (4) Non compliance with medical treatment and medications, and (5) Record of Plaintiff found to be malingering and exaggerating. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **5th day of June 2017.**

                                                /s/   Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U. S. MAGISTRATE JUDGE